BRADFORD L. WARREN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warren v. Commissioner
Docket No. 11542-81
United States Tax Court
T.C. Memo 1982-696; 1982 Tax Ct. Memo LEXIS 61; 45 T.C.M. (CCH) 240; T.C.M. (RIA) 82696; November 29, 1982. *61 Held: Petitioner's Federal Reserve Notes are to be taken into account for chapter 1 and chapter 2 tax purposes at their face amount, without any diminution on account of their value relative to that of gold. Bradford L. Warren, pro se. Diane L. Worland, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes and an addition to tax under section 6651(a)(1) [1] (failure to file timely return) against petitioner as follows: Addition to Tax
Year
Deficiency
Sec. 6651(a)(1)
1977
$2,594.88
$648.72
1978
1,242.22 [2]
*62 After concessions by both sides, the issue for decision is whether Federal Reserve Notes are to be valued at other than their face amount for purposes of determining petitioner's chapter 1 and chapter 2 tax liabilities. This case has been submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioner resided in Indianapolis, Indiana. Petitioner calculated his income tax liabilities on the basis that, because of the relative value of gold and its use of a common denominator, a one-dollar denomination Federal Reserve Note was worth $0.313179 for 1977 and $0.242423 for 1978. On his tax returns for these *63 years, petitioner first determined his tax liabilities on the basis of "dollars" and then converted the liabilities from "dollars" into Federal Reserve Notes. Petitioner maintains that an unadjusted calculation solely in terms of Federal Reserve Notes results in an erosion of basis for capital gain and depreciation purposes and "bracket creep". He argues that this constitutes a tax increase that has not been enacted by the Congress and that this "inflation tax" is an unconstitutional "taxation without representation". He concludes that his method of calculation is necessary in order to preserve the constitutionality of the income tax portions of the Internal Revenue Code. Respondent argues that Federal Reserve Notes are taxable at their face amount. We agree with respondent. Petitioner's contentions in the instant case are substantially the same as those he made in an earlier proceeding, with respect to 1976. In that earlier case (docket no. 11530-78), we granted respondent's motion to dismiss for failure to state a claim upon which relief may be granted; the decision entered upon that dismissal is on appeal to the Court of Appeals for the Seventh Circuit. We rejected *64 petitioner's arguments in the earlier case, and we reject them now. [3]
The various aspects of petitioner's arguments are inconsistent with the holdings of this and other courts in many cases, and these courts have in effect sustained respondent's position on this issue. E.g., , affg. a Memorandum Opinion of this Court; [4]. No issue has been presented that the Federal Reserve Notes received by petitioner in 1977 or 1978 had a value other than their face amount because of some special characteristic, such as numismatic value. See . We hold, for respondent, that petitioner's Federal Reserve Notes are to be taken into account for chapter 1 and chapter 2 tax purposes at their face amount, without any diminution on account of their value relative to that of gold. To take account of respondent's concessions *65 as to 1978 (and see n. 2, supra), Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all chapter and section references are to chapters and sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. In the notice of deficiency, respondent determined that petitioner's 1978 aggregate liability for chapter 1 and chapter 2 (self-employment) taxes was $1,301.51 and that petitioner showed on his tax return a liability of $59.29, hence the deficiency of of $1,242.22. However, petitioner's 1978 tax return appears to show a liability of $244.74. This apparent discrepancy is to be dealt with in proceedings under Rule 155, Court Court Rules of Practice and Procedure.↩
3. In the instant case, respondent has neither moved to dismiss nor raised the affirmative defense of collateral estoppel.↩
4. .↩